IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUMMIT FINANCIAL RESOURCES, L.P., a Hawaii limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>WALTHERS OIL COMPANY, a Kansas corporation, WALTHERS INC., a Kansas corporation, DAVID WALTHERS, an individual, and MARJORIE WALTHERS, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER FINDING DEFENDANT DAVID WALTHERS IN CONTEMPT AND IMPOSING SANCTIONS<br><br><br><br>Case No. 2:07-CV-949 TS |

This matter came before the Court for an Order to Show Cause Hearing on January 17, 2008. Defendant David Walthers failed to appear at this hearing. As a result of his failure to appear, the Court will hold Mr. Walthers in civil contempt and will order him to appear before the Court for an Order to Show Cause Hearing.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2008, the Court held a hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.[1]  Defendants did not appear at the hearing or oppose the Motion in any way.  The Court granted the Motion and entered a Preliminary Injunction that same day.[2]  The Preliminary Injunction states, among other things, that Defendants "are prohibited from directly or indirectly interfering with Summit's efforts to collect the Accounts and/or proceeds from the sale or other disposition of inventory of Walthers Oil and Walthers Inc."[3] and "are prohibited from having any communications, directly or indirectly, with any account debtor of Walthers Oil or Walthers Inc. concerning payment of Accounts except to instruct the account debtor to make payment to Summit and to direct all questions concerning payment of Accounts to Summit."[4]

On January 7, 2008, Plaintiff filed a Motion for Emergency Ex Parte Order to Show Cause Why Defendants Should not be Held in Contempt.[5]  In that Motion, Plaintiff alleged that Defendant David Walthers had violated the Preliminary Injunction by contacting account debtors, advising the account debtors that the Preliminary Injunction is not valid or binding in Kansas, instructing the account debtors not to talk to or provide information to Summit, instructing them not to pay Summit, and instructing account debtors to pay vendors of Walthers

---

[1]Docket No. 16.

[2]Docket Nos. 14 and 15.

[3]Docket No. 15 at ¶ 4.

[4]*Id*.

[5]Docket No. 18.

directly rather than paying accounts owing to Summit.  The Court granted the Motion and issued an Order to Show Cause.[6]  The Order to Show Cause ordered that Defendant David Walthers appear before the Court to show cause why he and other Defendants should not be held in contempt or other sanctions awarded for allegedly violating the Preliminary Injunction.[7]  Defendants' attorney accepted service of the Order to Show Cause on behalf of Defendants.[8]

The Court scheduled a hearing on the Order to Show Cause on January 17, 2008, at 2:00 p.m.[9]  On January 16, 2008, Defendant filed Notice of Bankruptcy Filings.[10]  These filings indicated that Defendants David Walthers, Walthers, Inc., and Walthers Oil Company, Inc. had all filed for bankruptcy in Kansas.

The Court held the hearing on the Order to Show Cause, as scheduled, on January 17, 2008.  Defendant David Walthers did not appear at the hearing as had been ordered by the Court.

## II.  CONTEMPT FINDINGS

Before the Court addresses whether Defendant David Walthers should be held in contempt, the Court must first address the impact, if any, of Defendants' bankruptcy filings on this Court's ability to hold Mr. Walthers in contempt.

11 U.S.C. § 362(a)(1) provides that the filing of a bankruptcy petition stays "the commencement or continuation . . . of a judicial . . . proceeding against the debtor . . . ."  While

---

[6] Docket No. 25.

[7] *Id*.

[8] Docket No. 28.

[9] Docket No. 26.  The Court had originally scheduled the hearing for January 15, 2008, at 10:00 a.m., but moved the hearing at the request of Defendants' counsel.

[10] Docket No. 32.

this provision appears to stay this matter, a number of courts have held that the automatic stay "does not bar orders to show cause or findings of contempt when necessary to uphold the dignity of a court order."[11] The District of Kansas, in *US Sprint Communications Co. v. Buscher*,[12] aptly stated the reasoning behind this exception to the automatic stay.

> It is within this court's inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders. The court cannot conceive that Congress intended to strip the court of this power, and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge. If this were so, the court's orders could be rendered almost meaningless. The court must retain the ability to compel compliance with its orders; a party seeking relief from his creditors is not free to run rampant in blatant disregard of the powers of the court.[13]

The Court finds this reasoning persuasive here. The Court has the authority to ensure that persons comply with its orders.[14] Defendant Walthers cannot disobey the Court's order to appear in a contempt proceeding in this Court based on his bankruptcy filings. "[T]he bankruptcy process cannot be invoked to immunize contumacious behavior."[15] The Court must be able to use civil contempt proceedings in order to uphold the dignity of the Court.[16] The Court finds that the contempt order set forth below is necessary to uphold the dignity of the Court and to prevent

---

[11] *Am. Online, Inc. v. CN Prods., Inc.*, 272 B.R. 879, 881 & n.4 (E.D. Va. 2002) (collecting cases).

[12] 89 B.R. 154 (D. Kan. 1988).

[13] *Id*. at 156.

[14] *S.E.C. v. Bilzerian*, 131 F.Supp. 2d 10, 15 (D. D.C. 2001) ("The Court has inherent power to ensure compliance with its orders.").

[15] *Am. Online, Inc.*, 272 B.R. at 881.

[16] *See US Sprint*, 89 B.R. at 156. *See also N.L.R.B. v. Sawulski*, 158 B.R. 971, 975 (E.D. Mich. 1993) ("Only contempt orders to uphold the dignity of the court are excepted from the automatic stay.").

Mr. Walthers from disobeying future Court orders. Thus, the Court has the authority to hold Walthers in civil contempt and to impose appropriate sanctions.

"[I]n the civil contempt context, a plaintiff must prove liability by clear and convincing evidence."[17] Plaintiff "'has the burden of proving, by clear and convincing evidence, (1) that a valid court order existed, (2) that the defendant[s] had knowledge of the order, and (3) that the defendant[s] disobeyed the order."[18] "The contemnor's disobedience need not be 'willful' to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered."[19]

The Court makes the following findings by clear and convincing evidence. A valid court order existed here. On January 8, 2008, the Court issued an Order to Show Cause which directed Defendant Walthers to appear before this Court.[20] Defendants clearly had knowledge of that Order. Defendants' attorney accepted service of the Order to Show Cause on behalf of Defendants.[21] Defendant David Walthers disobeyed that Order. The Order to Show Cause clearly stated that Mr. Walthers was to appear before the Court to show why he should not be held in contempt. Mr. Walthers did not appear at the hearing and provided no valid excuse for

---

[17] *F.T.C. v. Kuykendall*, 371 F.3d 745, 756 (10th Cir. 2004).

[18] *Id.* at 756–57 (quoting *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)).

[19] *Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Coffee Ltd. Partnership*, 95 F.Supp. 2d 1252, 1256 (D. Utah 2000) (citation omitted).

[20] Docket No. 25.

[21] Docket No. 28.

not appearing at the hearing. The Court finds that the appropriate relief in this civil contempt proceeding is for Mr. Walthers to present himself to the Court for a hearing on the Order to Show Cause to determine whether he is in violation of the Preliminary Injunction and whether he should be held in civil contempt for those alleged violations..

Having found by clear and convincing evidence that Walthers is in contempt of this Court's order, the Court will order him to appear before the Court for an Order to Show Cause hearing to determine whether he is in violation of the Preliminary Injunction and whether he should be held in civil contempt for those alleged violations.

### III. ORDER

Based on Defendant David Walthers contempt, it is hereby

ORDERED that Walthers appear before the Court on Wednesday January 23, 2008, at 10:30 a.m. for an Order to Show Cause Hearing.

DATED   January 17, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge