IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUMMIT FINANCIAL RESOURCES, L.P.,<br><br>  Plaintiff,<br><br><br><br>vs.<br><br><br><br>WALTHERS OIL COMPANY, et al.,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT DAVID WALTHERS' MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO STRIKE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY<br><br><br><br>Case No. 2:07-CV-949 TS |

  This matter comes before the Court on Defendant David Walthers' Motion to Dismiss and Plaintiff's Motion to Strike. For the reasons discussed below, the Court will deny Defendant's Motion to Dismiss and grant Plaintiff's Motion to Strike. Additionally, the Court finds that Plaintiff's Motion to Expedite Discovery is now moot and will be denied as such.

  Defendant David Walthers filed his Answer on June 5, 2008. Within his Answer, Defendant moved for dismissal of Plaintiff's Fourth, Fifth, Twelfth, and Thirteenth causes of actions for failure to state a claim. Defendant also moved for dismissal based on the doctrine of

1

forum non conveniens.  Plaintiff seeks to strike Defendant's filing because if fails to comply with the local rules.  Defendant has failed to respond to Plaintiff's Motion.

DUCivR 7-1(b)(1) provides, "[e]xcept as noted below or otherwise permitted by the court, each motion must be accompanied by a memorandum of supporting authorities that is filed or presented with the motion."  It is clear that Defendant's Motion to Dismiss fails to comply with the local rules.  Therefore, the Court will deny the Motion to Dismiss without prejudice.[1]  Further grounds for denying the Motion to Dismiss is the fact that Defendant has failed to respond to Plaintiff's Motion to Strike.  DUCivR 7-1(d) provides that "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice."  Based on the above, the Court will deny Defendant's Motion to Dismiss and grant Plaintiff's Motion to Strike.  However, rather than striking the entire pleading, the Court will merely strike Defendant's Motion to Dismiss.

In addition, the Court finds that Plaintiff's Motion to Expedite Discovery is now moot and will be denied.

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 59) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Plaintiff's Motion to Strike (Docket No. 60) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Expedite Discovery (Docket No. 29) is DENIED AS MOOT.

---

[1] DUCivR 7-1(a) ("Failure to comply with the requirements of this section may result in sanctions that may include . . . denial of the motion . . . .").

DATED   August 11, 2008.

                                       BY THE COURT:

                                       _____
                                       TED STEWART
                                       United States District Judge